# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  :  | |
| STEVEN J. GIBSON  : | CHAPTER 13 |
| *Debtor*  : | |
| : | CASE NO: 23-12955-pmm |
| COMMONWEALTH OF PENNSYLVANIA  : | |
| DEPARTMENT OF TRANSPORTATION,  : | |
| *Movant*  : | |
| vs.  : | |
| : | |
| STEVEN J. GIBSON,  : | |
| *Respondent*  : | |
| : | |
| KENNETH E. WEST  : | |
| *Chapter 13 Trustee*  : | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES, the Commonwealth of Pennsylvania, Department of Transportation (hereinafter "Movant"), by and through its attorney, Philip H. Viglione, Assistant Counsel, and moves this Court as follows:

1. Movant is the Commonwealth of Pennsylvania, Department of Transportation, and is authorized by the provisions of Section 2003(e) of the Administrative Code of 1929, P.L. 177, 71 P.S. § 513(e), as amended, to acquire by gift, purchase, condemnation or otherwise land in fee simple or such lesser estate or interest as it shall determine, in the name of Commonwealth for transportation purposes.

2. Movant's address is:

   Commonwealth of Pennsylvania
   Department of Transportation
   Southeastern Regional Office
   7000 Geerdes Boulevard
   King of Prussia, PA 19406

3. Movant has undertaken a highway improvement project and requires a portion of real property owned by Debtor, Steven J. Gibson, located at 4307 Mantua Ave, Philadelphia, PA 19104, Tax Parcel No. 98-N-3-287 ("Property"). A true and correct copy of a Schedule of Property Condemned identifying and specifying the location of the property to be condemned is attached (Exhibit "A").

4. To acquire said Property, Movant must exercise its eminent domain powers and file a Declaration of Taking (Exhibit "B") with the Prothonotary's Office of the Philadelphia County Court of Common Pleas.

5. The proposed Declaration of Taking has not yet been filed. The proposed Declaration of Taking will be filed once relief is granted from the automatic stay.

6. While Movant is not a pre-petition creditor of the Debtor, out of an abundance of caution, Movant seeks relief from the automatic stay, or, in the alternative, is not subjected to the automatic stay pursuant to Section 362(b)(4) of the Bankruptcy Code, 11 U.S.C. § 362(b)(4).

7. As such, relief from the automatic stay is necessary for the Movant's road improvement project to proceed.

8. Movant is seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d).

9. The acquisition of the Debtor's property will not affect the reorganization of the Debtor's estate because Movant is required to pay just compensation equal to its estimated fair market value pursuant to the Pennsylvania Eminent Domain Code, 26 Pa. C.S. § 101, *et seq*.

10. Movant will be prejudiced to the extent that it will be unable to proceed with the highway improvement project if the relief sought herein is not granted.

WHEREFORE, Movant requests an Order relieving it from the automatic stay and authorizing it to condemn the said property owned by Debtor through the appropriate Pennsylvania eminent domain proceedings.

                                                Respectfully submitted,

                                                /s/ Philip H. Viglione
                                                Philip H. Viglione
                                                *Assistant Counsel*
                                                PA ID #319177
                                                pviglione@pa.gov
                                                Department of Transportation
                                                Southeastern Regional Office
                                                7000 Geerdes Boulevard
                                                King of Prussia, PA 19406
                                                PA Attorney ID# 319177
                                                Phone: (610) 205-6600

Date: July 17, 2024