```
52622034
Page: 1 of 8
04/09/2013 11:50AM
Doc Id. 52622034
Receipt #: ▮▮▮▮
Rec Fee: 104.50
Commissioner of Records, City of Philadelphia
```

This Document Recorded
04/09/2013
11:50AM
Doc Code  DM

After Recording Return To:
Mortgage Services
PO Box 5449
Mount Laurel, NJ 08054
Return to Phone: 877-766-8244

This Document Prepared By:
PHH Mortgage Corporation
PO Box 5449
Mount Laurel, NJ 08054
ELIZABETH LASHLEY, SPECIALIST

Parcel ID Number: ▮▮▮▮

_____ [Space Above This Line For Recording Data] __
Original Recording Date: **April 02, 2009**
Original Loan Amount: **$103,097.00**                    FHA/VA Ca▮
Original Lender Name: **COLDWELL BANKER**                MIN N▮
**MORTGAGE**
New Money: **$2,673.23**

Prepared Date: January 18, 2013

## LOAN MODIFICATION AGREEMENT

    This Loan Modification Agreement ("Agreement"), made this **18th** day of **January, 2013**, between **STEVEN J GIBSON, AN UNMARRIED MAN** whose address is **4307 MANTUA AVENUE, PHILADELPHIA, PA 19104** ("Borrower") and **PHH MORTGAGE CORPORATION** which is organized and existing under the laws of **New Jersey**, and whose address is **1 MORTGAGE WAY, MT. LAUREL, NJ 08054** ("Lender"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), and has an address and telephone number of 1901 E. Voorhees Street, Suite C, Danville, IL 61834 or P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS, ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **March 05, 2009** and recorded in **Instrument No: 52045169**, of the Official Records (Name of Records) of **PHILADELPHIA** County, PA (County and State, or other Jurisdiction) and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
        **4307 MANTUA AVENUE, PHILADELPHIA, PA 19104,**
        (Property Address)
the real property described being set forth as follows:

HUD MODIFICATION AGREEMENT
Loan No: ▮▮▮▮
8300h 11/12

(page 1 of 7)



See Exhibit "A" attached hereto and made a part hereof;

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **March 1, 2013**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$101,592.22**, consisting of the amount(s) loaned to Borrower by Lender plus capitalized interest in the amount of $2,353.69 and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.500%**, from **March 1, 2013**. Borrower promises to make monthly payments of principal and interest of U.S. **$514.75**, beginning on the **1st** day of **April, 2013**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **March 1, 2043** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a)  all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. This Agreement modifies an obligation secured by an existing security instrument recorded in PHILADELPHIA County, PA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $98,918.99. The principal balance secured by the existing security instrument as a result of this Agreement is $101,592.22, which amount represents the excess of the unpaid principal balance of this original obligation.

_____ *Steven J. Gibson* _____ (Seal)
STEVEN J GIBSON -Borrower

_____ [Space Below This Line For Acknowledgments] _____
COMMONWEALTH OF PENNSYLVANIA, __Philadelphia__ County ss:

On this, the __29th__ day of __JANUARY__, 20__13__, before me, the undersigned officer, personally appeared STEVEN J GIBSON, AN UNMARRIED MAN, satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the written instrument and acknowledged that he/she/they executed the same for the purpose herein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires: _____

_____*Anita L. Simms*_____
Signature of Notary

_____
Title of Officer

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
ANITA L. SIMMS, Notary Public
City of Philadelphia, Phila. County
My Commission Expires February 16, 2016

HUD MODIFICATION AGREEMENT
Loan No [redacted]
8300h 11/12

(page 4 of 7)

PHH MORTGAGE CORPORATION

By: _____ (Seal)
- Lender

Name:
Title:    CANDACE GALLARDO, ASST. V.P.

_3-8-13_
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

State of New Jersey, County of Burlington

On __3/8__, 20_13_, before me, _Rebecca L. Seaman_,
a Notary Public in and for said State, personally appeared
    CANDACE GALLARDO, ASST. V.P.
_____ of the
Corporation, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that they executed the same in their capacity, and that by their signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_Rebecca L. Seaman_
Notary Public

_Rebecca L. Seaman_
Notary Public of New Jersey
My Commission expires: _8/22/2017_

REBECCA L. SEAMAN
NOTARY PUBLIC OF NEW JERSEY
ID # 2424214
My Commission Expires 8/22/2017

HUD MODIFICATION AGREEMENT
Loan No: ▮▮▮▮▮▮
8300h 11/12

(page 5 of 7)

*Barbara Halin*
_____
Mortgage Electronic Registration Systems, Inc - Nominee for Lender

Title:

BARBARA HALIN, ASST. SECRETARY
_____
Name

_____
Title
Date of Signature: 3-8-2013
_____ [Space Below This Line For Acknowledgments] _____
State of New Jersey, County of Burlington SS.:

I CERTIFY that on 3/8/2013

BARBARA HALIN, ASST. SECRETARY
_____

Personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached instrument;
(b) was authorized to and did execute this instrument as ___BARBARA HALIN, ASST. SECRETARY___

of ___MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.___ the entity named in this instrument; and;
(c) executed this instrument as the act of the entity named in this instrument.

REBECCA L. SEAMAN
NOTARY PUBLIC OF NEW JERSEY
ID # 2424214
My Commission Expires 8/22/2017

_Rebecca J. Seaman_
(Print name and title below signature)

3/8/2013
Date

HUD MODIFICATION AGREEMENT
Loan No [REDACTED]
8300h 11/12

(page 6 of 7)

eRecorded in Philadelphia PA   Doc Id: 53267079
09/18/2017 03:11 PM   Page 1 of 6   Rec Fee: $252.00
Receipt#:
Records Department   Doc Code: DM

**After Recording Return To:**
**CoreLogic SolEx**
**1637 NW 136th Avenue Suite G-100**
**Sunrise, FL 33323**
**855-369-2410**

**This Document Prepared By:**

_Kelsey Glass_
**NATIONSTAR MORTGAGE LLC**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TX 75019**

**Parcel ID Number**

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: **April 02, 2009**
Original Loan Amount: **$103,097.00**                                    Invest
New Money: **$3,413.08**                                                 FHA Case

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made this 9th day of August, 2017, between **STEVEN J. GIBSON** whose address is **4307 MANTUA AVENUE, PHILADELPHIA, PA 19104** ("Borrower") and **Nationstar Mortgage LLC** which is organized and existing under the laws of **The United States of America**, and whose address is **8950 CYPRESS WATERS BLVD, COPPELL, TX 75019** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **March 05, 2009** and recorded in Book/Liber **N/A**, Page **N/A**, Instrument No: **52045169** and recorded on **April 02, 2009**, of the Official Records of **PHILADELPHIA** County, **PA** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**4307 MANTUA AVENUE, PHILADELPHIA, PA 19104,**
(Property Address)
the real property described being set forth as follows:

**See Exhibit "A" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **September 1, 2017**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S $98,460.78, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed

8300h 11/12                                                                    (page 1 of 5)

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.375%, from **September 1, 2017**. Borrower promises to make monthly payments of principal and interest of U S **$491.60**, beginning on the **1st day of October, 2017**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full If on **September 1, 2047** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date

3   If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower

4   Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument, however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a)   all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, and

   (b)   all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above

5.  If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt

6   Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement

7.  Borrower agrees to make and execute other documents or papers as may be necessary to

effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

8. This Agreement modifies an obligation secured by an existing security instrument recorded in PHILADELPHIA County, PA, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $95,047.70. The principal balance secured by the existing security instrument as a result of this Agreement is $98,460.78, which amount represents the excess of the unpaid principal balance of this original obligation.

9. In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, if permitted by applicable law, I will remain liable for and bear my own attorney fees and costs incurred in connection with any such action(s).

10. Borrower understands that the mortgage insurance premiums on the Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which the borrower may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

_____   Date: 8/28/17
STEVEN J. GIBSON -Borrower

_____ [Space Below This Line For Acknowledgments] _____

COMMONWEALTH OF PENNSYLVANIA, Philadelphia County ss:

On this, the 28th day of August, 20 17, before me, Notary Public, personally appeared STEVEN J. GIBSON, satisfactorily proven to be the person(s) whose name(s) is/are subscribed to the written instrument and acknowledged that he/she/they executed the same for the purpose herein contained

IN WITNESS WHEREOF, I hereunto set my hand and official seal

My commission expires: 9/17/18

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
WALTER R FELTON
Notary Public
CITY OF PHILADELPHIA, PHILADELPHIA CNTY
My Commission Expires Sep 17, 2018

Signature of Notary

Walter R. Felton
Printed Name of Notary

Notary Public
Title of Officer

8300h 11/12                                                                                      (page 3 of 5)

**Nationstar Mortgage LLC**

By: _____ (Seal) - Lender
Name: __Kelsey Glass__
Title: **Assistant Secretary**

__8/30/2017__
Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

The State of TX
County of Dallas

Before me __PATRICK ESHIDI ODIMULA__ /Notary Public (name/title of officer) on this day
(Please Print Name)
personally appeared __Kelsey Glass__, the Assistant Secretary of Nationstar Mortgage LLC, (known to me) (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this __30__ day of __August__, A.D., __2017__.

_____
Signature of Officer

__PATRICK ESHIDI ODIMULA__
(Printed Name of Officer)

__Notary Public__
Title of Officer

My Commission expires: __12-15-2019__

PATRICK ESHIDI ODIMULA
Notary Public, State of Texas
My Comm. Expires 12-15-2019
Notary ID 130469633

HUD MODIFICATION AGREEMENT
8300h 11/12

(page 4 of 5)

## CERTIFICATE OF RESIDENCE

I, _____Kelsey Glass_____

Agent of Lender, do hereby certify that:

(1) I am employed as a ~~Assistant Secretar~~ **Assistant Secretary** by Mr. Cooper LLC ("Mr. Cooper"), the servicer for the mortgage loan referenced herein. I have personal knowledge of the facts contained in this certificate as follows: I am familiar with the systems of record that Mr Cooper uses to record and create information related to the residential mortgage loans that it services, including the processes by which Mr. Cooper obtains the loan information in those systems. While many of those processes are automated, the information manually entered by Mr. Cooper employees relating to loans on those systems is based upon personal knowledge of the information and is entered into the system at or near the time the knowledge was acquired. These computerized records are created and maintained in the regular course of its business as a loan servicer and Mr. Cooper relies on the records in the ordinary course to conduct its business as a loan servicer.

(2) I obtained from Mr Cooper's system of record, as described above, information relating to the mortgage loan referenced herein.

(3) The precise address of the within named lender is:

**Nationstar Mortgage LLC**
**8950 CYPRESS WATERS BLVD, COPPELL, TX 75019**

Witness my hand this _30_ day of _August_ 20_17_

_____
Signature of Agent of Lender

**Exhibit "A"**

Loan Num[REDACTED]

Property Address  4307 MANTUA AVENUE, PHILADELPHIA, PA 19104

Legal Description.

THE LAND REFERRED TO IN THIS REPORT IS SITUATED IN THE STATE OF PENNSYLVANIA, COUNTY OF PHILADELPHIA, AND DESCRIBED AS FOLLOWS: ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE ON THE NORTHEAST SIDE OF MANTUA AVENUE AT THE DISTANCE OF EIGHT HUNDRED SEVENTY-FOUR FEET, FOUR AND ONE-HALF INCHES NORTHWESTWARD FROM THE WEST SIDE OF FORTY-SECOND STREET IN THE SIXTH WARD OF THE CITY OF PHILADELPHIA. CONTAINING IN FRONT OR BREADTH ON THE SAID MANTUA AVENUE, SIXTEEN FEET, FIVE AND THREE-FOURTHS INCHES AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH NORTHEASTWARD BETWEEN PARALLEL LINES AT RIGHT ANGLES TO THE SAID MANTUA AVENUE, NINETY-SEVEN FEET. BOUNDED ON THE NORTHEASTWARDLY SIDE THEREOF BY A THREE FEET WIDE ALLEY COMMUNICATING AT THE NORTHEAST END THEREOF WITH ANOTHER THREE FEET WIDE ALLEY LENDING SOUTHEASTWARDLY INTO THE SAID MANTUA AVENUE.

## CERTIFICATE OF RESIDENCE

I, _CANDACE GALLARDO, ASST. V.P._
Agent of Lender

do hereby certify that the precise address of the within named lender is:

PHH MORTGAGE CORPORATION
1 MORTGAGE WAY, MT. LAUREL, NJ 08054

Witness my hand this __8__ day of __3, 2013__.

_____
Signature of Agent of Lender

CANDACE GALLARDO, ASST. V.P.

HUD MODIFICATION AGREEMENT
Loan No: ███████
8300h 11/12

(page 7 of 7)

# EXHIBIT "A"

LOAN # 

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, SITUATE on the Northeast side of Mantua Avenue at the distance of Eight Hundred Seventy-four feet, Four and One-half inches Northwestward from the West side of Forty-second Street in the Sixth Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Mantua Avenue, Sixteen feet, Five and Three-fourths inches and extending of that width in length or depth Northeastward between parallel lines at right angles to the said Mantua Avenue, Ninety-seven Feet.

BOUNDED on the Northeastwardly side thereof by a Three feet wide alley communicating at the Northeast end thereof with another Three feet wide alley lending Southeastwardly into the said Mantua Avenue.

BEING known as and Numbered 4307 Mantua Avenue.

Commonly known as: 4307 Mantua Avenue, Philadelphia, PA 19104.