**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Steven J. Gibson<br>            Debtor(s) | CHAPTER 13 |
| Nationstar Mortgage LLC<br>            Moving Party<br>     vs. | NO. 23-12955 PMM |
| Steven J. Gibson<br>            Debtor(s) | |
| Kenneth E. West<br>            Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. On September 20, 2024, Nationstar Mortgage LLC ("Secured Creditor") filed a Motion for Relief (Docket #57) due to a post-petition default of the Debtor.

2. On October 8, 2024, this Court entered an Order granting the Motion for Relief (Docket #60) as to the property located at 4307 Mantua Avenue, Philadelphia, PA 19104 ("Property").

3. On November 7, 2024, Debtor filed a Motion to Reconsider Relief Order Or In the Alternative Reinstate the Stay (Docket #62).

4. Secured Creditor and Debtor desire to resolve Debtor's Motion to Reconsider in accordance with the terms as set forth below and agree that the entry of this Stipulation shall vacate the Order granting the Motion for Relief at Docket #60.

5. Debtor acknowledges that as of November 20, 2024, the post-petition arrearage on the mortgage held by Secured Creditor on Debtor's residence is **$2,191.42**. Post-petition funds received after November 20, 2024, will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | August 2024 through September 2024 at $764.96 each |
| | October 2024 through November 2024 at $686.95 each |
| Suspense Balance: | ($712.40) |
| **Total Post-Petition Arrears:** | **$2,191.42** |

6. The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall tender a down payment of **$2,191.42**.

7. Beginning with the payment due **December 2024** and continuing thereafter, Debtor shall pay to Secured Creditor the present regular monthly mortgage payment of **$686.95** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

8. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Secured Creditor shall adjust the account accordingly.

9. In the event the payments under Sections 2 and 3 above are not tendered pursuant to the terms of this Stipulation, Secured Creditor shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Secured Creditor may file a Certification of Default with the Court and the Court shall enter an Order granting Secured Creditor relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

10. If the case is converted to Chapter 7, Secured Creditor shall file a Certification of Default with the court and the court shall enter an order granting Secured Creditor relief from the automatic stay.

11. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

12. The provisions of this stipulation do not constitute a waiver by Secured Creditor of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

13. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 2, 2024                 /s/ Denise Carlon
                                         Denise Carlon, Esquire
                                         Attorney for Movant

Date:   December 30, 2024                /s/ Michael A. Cibik
                                         Michael A. Cibik, Esq.
                                         Attorney for Debtor

Date:   January 7, 2025                  /s/ Jack K. Miller, Esquire  *for*
                                         Kenneth E. West
                                         Chapter 13 Trustee

*I have no objection to its terms, without prejudice to any of our rights and remedies*